

### OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable Maureen Moore, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Madam:                    Opinion No. O-7028

Re: Whether or not an employ-
ment agency can legally
refer skilled labor such
as engineers, draftsman,
etc., to out of State
concerns.

Your written request addressed to this department
dated June 18, 1946, requesting an opinion has been re-
ceived and considered. We quote from your letter:

"I will thank you for an opinion from your
Department as to whether or not an employment
agency can legally refer skilled labor such as
engineers, draftsmen, etc., to out of State con-
cerns.

"It is our view that under Section 1 of Ar-
ticle 5221a-4 of V. A. C. S. that this cannot
be done. However, I would appreciate an early
opinion on this matter."

The present law covering employment agencies and emi-
grant agencies is found in Article 5221a-4 of Vernon's Anno-
tated Revised Civil Statutes and Article 1593a of Vernon's
Annotated Penal Code. This law passed by the Forty-eighth
Legislature in 1943 repealed all former laws on these sub-
jects.

Section 22 of the present law reads:

"Sec. 22. Repealing Conflicting Laws. The
Employment Agency Law as passed by the Thirty-
eighth Legislature in 1923, and amended by the
Forty-fifth Legislature, Second Called Session,
1937, being Articles 5208 through Articles 5221,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Maureen Moore, page 2

Revised Civil Statutes of Texas of 1925, and Articles 1584 through Articles 1593, Penal Code of Texas, 1925, and the Emigrant Agency Law as passed by the Forty-first Legislature, Second Called Session, 1929, being Senate Bill No. 127, Chapter 96, Page 203, and House Bill No. 102, Chapter 11, Page 16, of said Session Acts, are hereby specifically repealed and all other laws and parts of laws in conflict herewith are hereby repealed."

This legislation became necessary because certain parts of the former law had been declared unconstitutional and because of a conflict in the laws.

A study of Section 1 of the Texas Employment Agency Law fails to confirm the suggestion made in your letter. This section contains definitions of certain words and phrases used in the Act. It is believed that other sections must be looked to in order to answer your question. The issue whether an employment or labor agency may refer skilled labor, such as engineers, draftsmen, etc., to out of State concerns is accordingly answered as follows:

Sec. 6 specifically permits the recruiting of common or agricultural workers for out of State employment, but makes no mention of skilled labor. This section reads as follows:

"In addition to the license fee and bond required in Section 3 of this Act, every employment or labor agent hiring, enticing, or soliciting common or agricultural workers in this State to be employed beyond the limits of this State, shall pay an annual State Tax of Six Hundred Dollars ($600) and in each county where said employment or labor agent operates, an annual tax on a population basis according to the preceding Federal census as follows: In counties under one hundred thousand (100,000) population the sum of One Hundred Dollars ($100); in counties having a population from one hundred thousand (100,000) to two hundred thousand (200,000) inclusive, the sum of Two Hundred Dollars ($200); and in counties over two hundred thousand (200,000) population the sum of Three Hundred Dollars ($300). This tax shall be paid to the Commissioner at the time such employment or labor agency license or licenses are issued and shall be forwarded by him to the proper tax collection agencies. Such tax shall be good for the same period of time as the employment agency license."

Hon. Maureen Moore, page 3

The only section in the Act where skilled labor is mentioned as such is in Section 11 and this section does not deal with the question of referring skilled labor to out of State concerns. Sec. 11 reads:

"where a fee is charged for obtaining employment such fee in no event shall exceed the sum of Three ($3) Dollars, which may be collected from the applicant only after employment has been obtained and accepted by the applicant; provided, however, employment or labor agents engaged exclusively in providing employment for skilled, professional, or clerical positions may charge, with the written consent of the applicant, a fee, not to exceed thirty (30) per centum of the first month's salary, which may be collected from the applicant only after employment has been obtained and accepted by the applicant."

A reading of both Sections 6 and 11 fails to suggest that the recruiting of skilled labor for employment outside of Texas is prohibited.

The two sections regulating out of State agencies are Sections 9 and 10. Section 9 reads:

"No foreign labor agent, labor bureau or labor agency or other person or corporation resident of or domiciled in any other State or territory of the United States shall enter this State and attempt to hire, entice, or solicit or take from this State any common or agricultural workers, singly or in groups, for any purpose without first applying to the Commissioner of the Bureau of Labor Statistics for a license as an employment or labor agent as provided by this Act."

The pertinent part of Sec. 10 is as follows:

"Any employment or labor agent hiring, enticing, or soliciting common or agricultural workers in this State to be employed beyond the limits of this State, shall make monthly reports to the Commissioner on the first day of each and every month covering the preceding month, correctly showing the name and address of every representative, sub-agent, contractor, solicitor, or recruiter engaged in any part of the work of that agency connected with the hiring, enticing, or soliciting of common or agricultural workers in this State to be employed beyond the limits of this State, and correctly showing: . . ."

Hon. Maureen Moore,  page 4

These two sections apply only to common or agricultural workers, not to skilled labor.  Hence, it follows that out of State agencies are only regulated insofar as the recruiting of common and agricultural workers is concerned.  It is hard to believe that this class of workers falls into the class of skilled labor such as engineers, draftsmen, etc. of which your letter speaks.

You are advised that it is our opinion that an employment agency can refer skilled labor, such as engineers, draftsmen, etc., to out of State concerns.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By James Anderson Jr.
James Anderson, Jr.
Assistant

JA:L

APPROVED SEP 7 1945
FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN